Kevin Bryan MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 62753.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 17, 1980.

Douglas R. Woodburn, Amarillo, for appellant.

George Harwood, County Atty., pro tem., and Kevin H. Settle, Asst. County Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

The conviction is for possession of marihuana. Punishment was assessed at six days in jail and a fine of $100.

Appellant contends that the trial court erred in denying his motion to suppress evidence which alleged that the marihuana was obtained as a result of an illegal search.

Appellant was stopped by police for running a red light. Officer Jimmy W. Adams testified that when he stopped and approached the car, appellant was under arrest for running a red light. He asked appellant, who was standing by the vehicle, for his driver's license. Adams could smell the odor of marihuana smoke coming from the car. He could also smell a stronger odor of marihuana emanating from appellant than from the car. Adams testified that when he looked into the car, he saw, in plain view, a white frisbee on the floorboard of the car, which contained what appeared to be marihuana seeds. Some "Job wrappers" were found in the ash tray. After Adams searched the car, he retrieved the frisbee and its contents and took them to the patrol car. Officer John Moore testi-

fied that he smelled marihuana coming from appellant "[w]hen the defendant . . . approached me at the back of the car. The back of his car." The police then conducted a "pat–down" search of the appellant, which revealed a baggie of marihuana. The officer was asked: "After you searched the vehicle, what did you do next?" He answered: ". . . Mr. Miller was already handcuffed at that point. We took the vehicle and Mr. Miller to the police department and booked him for possession and running a red light; we impounded the vehicle."

The police were authorized to arrest the appellant for the traffic violation. See Article 6701d, Sections 33 and 153, V.A. C.S. See also *Nelson v. State*, 509 S.W.2d 367 (Tex.Cr.App.1974). An officer may seize what he sees in plain sight or in open view if he is lawfully where he is, *Clark v. State*, 548 S.W.2d 888 (Tex.Cr.App.1977), and after the appellant had been stopped for the traffic violation, and the police officer discovered the odor of marihuana and the marihuana seeds, the officer had probable cause to search the vehicle. *Duff v. State*, 546 S.W.2d 283 (Tex.Cr.App.1977) (opinion on rehearing). See *Luera v. State*, 561 S.W.2d 497 (Tex.Cr.App.1978); *Tardiff v. State*, 548 S.W.2d 380 (Tex.Cr.App.1977). The police officer's search of the vehicle in this case, therefore, was authorized.

Article 14.01, V.A.C.C.P., provides that an officer may arrest for a crime committed in his presence. Here the officers had arrested or stopped appellant for running a red light. One officer saw what appeared to be marihuana seeds in the back of the car in plain view. He smelled marihuana smoke emanating from the car and from appellant. The other officer smelled marihuana emanating from appellant after he had got out of and was at the back of the car. This was sufficient for the officers to believe that the offense of possession of marihuana was being committed in their presence. Under these facts, the officer was authorized to conduct the pat–down search, and when he felt a baggie of mari-

huana, he had a right to seize it. Under these circumstances, it made no difference whether appellant was or was not under arrest.

The Fourth Amendment of the Constitution of the United States and the laws of Texas only provide against unreasonable searches. We hold that the taking of the baggie of marihuana from appellant was not unreasonable and the court did not err in admitting it into evidence.

The judgment is affirmed.