**The STATE of Texas, Appellant,**

v.

**Michael Glenn CRAWFORD, Appellee.**

**No. 05–03–00673–CR.**

Court of Appeals of Texas,
Dallas.

Oct. 30, 2003.

the father's claims remained before the Supreme Court.

Roger V. Dickey, McKinney, for appellee.

John A. Stride, Asst. Dist. Atty., Jeffrey Garon, Asst. Criminal Dist. Atty., McKinney, for appellant.

Before Justices WHITTINGTON, WRIGHT, and BRIDGES.

## OPINION

Opinion by Justice WRIGHT.

The State appeals the trial court's order suppressing marijuana evidence found by police in a search of Michael Glenn Crawford's car. In a single point of error, the State contends the trial court erred by granting the motion to suppress. We agree and reverse the trial court's order granting the motion to suppress.

Crawford was charged with possession of two ounces or less of marijuana. Crawford filed a motion to suppress, arguing the search of his car was illegal and the marijuana found during the search should be suppressed. The trial court ordered the motion to be submitted by affidavit. The State submitted the affidavits of two police officers, Paul Autrey and Scotty Morrison. Crawford did not file an affidavit in support of his motion.

In his affidavit, Morrison testified that he and Autrey responded to a "reckless driver call" at Drivers Truck Stop. When they arrived at the truck stop, the officers saw a car, matching the description given by dispatch, parked at a fuel pump. The officers approached the car on foot, and Morrison began speaking with Crawford. Morrison "immediately noticed that [Crawford's] eyes were bloodshot and glassy" and noticed "a light odor of burned marijuana coming from [Crawford]." The window of the car was open, and as Morrison got closer to Crawford's car, Morrison detected "the strong odor of burned marijuana coming from inside the vehicle." At that time, Morrison searched Crawford's car and found a clear plastic baggie containing 3.5 grams of marijuana located in the driver side door panel. Autrey's affidavit contained essentially the same facts.

After Autrey's and Morrison's affidavits were submitted, the trial court ordered the State to submit supplemental affidavits containing "specifically what they heard from the dispatcher and why they went up to make contact with that vehicle." The State responded by filing a second copy of Morrison's original affidavit.

The trial court then granted Crawford's motion to suppress, stating, in part, the following:

The court presumes the initial warrantless detention was without lawful authority, and the burden being upon the state to show such. The court finds no credible facts have been shown authorizing the actions taken by the peace officers. The court finds, therefore, that all of the investigation information obtained by the peace officers in this case should be suppressed and denied admittance as evidence in this case. The defendant's Motion to Suppress should be and is hereby granted.

When reviewing a trial court's ruling on a motion to suppress evidence, we give deference to the trial court's determination of any historical facts and review *de novo*

the application of the law of search and seizure. *See Garcia v. State,* 15 S.W.3d 533, 535 (Tex.Crim.App.2000); *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Crim. App.2000); *Guzman v. State,* 955 S.W.2d 85, 88–89 (Tex.Crim.App.1997). This same standard applies when, as here, the trial court resolves the motion to suppress solely on affidavit evidence. *See Manzi v. State,* 88 S.W.3d 240, 243–44 (Tex.Crim. App.2002). Absent an abuse of discretion, we may not disturb the trial court's findings. *See Guardiola v. State,* 20 S.W.3d 216, 223 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) (citing *Penry v. State,* 903 S.W.2d 715, 744 (Tex.Crim.App.1995)).

 In this case, the trial court's order granting Crawford's motion to suppress alludes to credibility determinations. However, read in its entirety, the order shows the trial court granted the motion to suppress because it determined the facts presented were insufficient to authorize a detention. This is an issue involving the application of the law of search and seizure to the facts presented in the State's affidavits. Thus, we will review *de novo* the trial court's ruling. *See Guzman,* 955 S.W.2d at 87; *see,* e.g., *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) (reviewing court determines *de novo* whether police had reasonable suspicion or probable cause to justify stop or arrest).

There are three distinct categories of interactions between police officers and citizens: encounters, investigative detentions, and arrests. *State v. Perez,* 85 S.W.3d 817, 819 (Tex.Crim.App.2002). An arrest must be supported by probable cause; a detention requires reasonable suspicion; and an encounter needs no justification. *Johnson v. State,* 912 S.W.2d 227, 235 (Tex.Crim.App.1995). Police officers do not violate the Fourth Amendment by approaching an individual on the street or in another public place and questioning him. *Perez,* 85 S.W.3d at 819.

Here, Autrey and Morrison were free to approach and question Crawford at the truck stop. No facts were necessary to justify the officers encounter with Crawford, and the trial court erred by concluding otherwise. *See Perez,* 85 S.W.3d at 819. Immediately after Morrison began speaking with Crawford, Morrison noticed Crawford's eyes were bloodshot and glassy and he smelled the light odor of burned marijuana. Morrison stepped closer to the car and detected the strong odor of burned marijuana through the open window. These facts are sufficient to constitute probable cause to search the car. *See Miller v. State,* 608 S.W.2d 684, 685 (Tex. Crim.App.1980) (smell of burning marijuana coming from car alone constitutes probable cause); *Duff v. State,* 546 S.W.2d 283, 286–87 (Tex.Crim.App.1977) (same); *Dickey v. State,* 96 S.W.3d 610, 613 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (same); *Taylor v. State,* 20 S.W.3d 51, 55 (Tex. App.-Texarkana 2000, pet. ref'd) (same); *Joseph v. State,* 3 S.W.3d 627, 634 (Tex. App.-Houston [14th Dist.] 1999, no pet.) (same).[1]

Because no facts were necessary to justify the officers' initial encounter with Crawford and because the undisputed facts presented by the officers showed they immediately developed probable cause to believe the car contained marijua-

---

**1.** We recognize that the court of criminal appeals has determined that the odor of marijuana, standing alone, does not authorize a warrantless search in a home. *State v. Steelman,* 93 S.W.3d 102, 108 (Tex.Crim.App. 2002). However, automobiles and other con-

veyances may be searched without a warrant in circumstances that would not justify the search without a warrant of a house. *Dickey,* 96 S.W.3d at 613–14. Where there is the strong odor of marijuana from a car is such a case. *Id.*

na, we conclude the trial court erred by granting Crawford's motion to suppress. We sustain the State's sole issue.

Accordingly, we reverse the trial court's order granting Crawford's motion to suppress and remand to the trial court for further proceedings.