Opinion issued June 2, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00804-CR
____________

DEO LOU-QUAN SULLIVAN, Appellant 

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court of 
  Harris County, Texas
Trial Court Cause No. 980513




MEMORANDUM OPINION
          Appellant, Deo Lou-Quan Sullivan, pleaded guilty to the felony offense of
possession of more than 4 but less than 200 grams of cocaine. On July 22, 2004, the
trial court assessed punishment at confinement for three years. In one point of error,
appellant contends that the trial court erred in denying his motion to suppress
evidence. We affirm.
Facts
          On March 11, 2004, at 3:00 a.m., Houston Police Officers Lopez and
Vanderberry returned to an apartment complex where they had earlier served a search
warrant. As they drove their police van into the parking area, they observed a
Fleetwood Cadillac parked with its windows down. Both officers immediately
smelled the strong odor of marijuana emanating from the vehicle. After parking the
police van, the officers approached the Cadillac, and observed what they described
as “furtive” gestures made by the three people in the car. 
          Vanderberry shined his flashlight into the Cadillac and saw a bag of marijuana
by the front seat passenger. Vanderberry testified that the bag had been partially
stuffed between the seats, but was sticking out in plain view. At that time, the driver,
appellant, made suspicious movements that indicated to Lopez that he might have a
weapon. Lopez responded by removing appellant from the car. The officers then
searched the car and found the bag of marijuana between the seats, along with 41
grams of powdered cocaine in a Kleenex box that the back seat passenger had thrown
out of the vehicle as the officers approached. Vanderberry discovered an additional
six grams of powdered cocaine between the driver’s seat and the car door. A
handgun was also found under appellant’s seat.
The Standard of Review
          We review a trial court’s ruling on a motion to suppress evidence for abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor
v. State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). The
Court will afford almost total deference to a trial court’s determination of historical
facts that the record supports. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). The fact finder is the sole judge of the witnesses’ credibility and may accept
or reject any or all of the witnesses’ testimony. Taylor, 945 S.W.2d at 297. In
reviewing a ruling on a question of application of law to facts, we review the
evidence in the light most favorable to the trial court’s ruling. Guzman, 955 S.W.2d
at 89. 
Discussion
          In his sole point of error, appellant contends that (1) the officers did not have
reasonable suspicion to detain him and (2) there was no probable cause for the search
of his vehicle. Appellant argues that the officers made an unreasonable seizure by
detaining appellant because they did not have a “reasonable suspicion” to justify the
detention. 
          An officer is permitted to make a temporary investigative detention of an
individual if the officer has (1) a reasonable suspicion that some activity out of the
ordinary is or has occurred, (2) some suggestion to connect the detainee with the
unusual activity, and (3) some indication that the activity is related to a crime. Spight
v. State, 76 S.W.3d 761, 765–66 (Tex. App.—Houston [1st Dist.] 2002, no pet.);
Stone v. State, 703 S.W.2d 652, 654 (Tex. Crim. App. 1986). The determination of
the presence of reasonable suspicion is a factual one and is made and reviewed by
considering the totality of the circumstances at the of time the stop. Loesch v. State,
958 S.W.2d 830, 832 (Tex. Crim. App. 1997). 
          The record here shows that both officers smelled the strong odor of marijuana
coming from the car. This fact, in light of the officers’ experience and knowledge,
would warrant a reasonable person in believing that marijuana was being used. See
Davis v. State, 947 S.W.2d 240, 242–43 (Tex. Crim. App. 1997); Valencia v. State,
820 S.W.2d 397, 400 (Tex. App.—Houston [14th Dist.] 1991, pet. ref’d). Because
the officers had a reasonable suspicion that appellant was using marijuana, they were
justified in detaining him and investigating further.
          Appellant also argues that the odor of marijuana alone does not authorize the
search of a vehicle without a warrant. Because probable cause to believe that a
vehicle contains evidence of a crime is sufficient to justify a search of a motor
vehicle, a warrant is not required. Powell v. State, 898 S.W.2d 821, 827 (Tex. Crim.
App. 1994). Probable cause to search exists when reasonably trustworthy facts and
circumstances within the knowledge of the officer on the scene would lead a person
of reasonable prudence to believe that the instrumentality of a crime or evidence of
a crime will be found. McNairy v. State, 835 S.W.2d 101, 106 (Tex. Crim. App.
1991); Washington v. State, 660 S.W.2d 533, 535 (Tex. Crim. App. 1983); State v.
Bagby, 119 S.W.3d 446, 450 (Tex. App.—Tyler 2003, no pet.). 
          It is well established that the smell of burnt marijuana is sufficient to give
probable cause to search a vehicle. Moulden v. State, 576 S.W.2d 817, 819-20 (Tex.
Crim. App. 1978) (determining that trained police officer’s smelling burnt marihuana
provides, by itself, probable cause to search vehicle); Razo v. State, 577 S.W.2d 709,
711 (Tex. Crim. App. 1979) (holding that odor of marijuana provided probable cause
to search appellant’s vehicle); State v. Crawford, 120 S.W.3d 508, 510 (Tex.
App.—Dallas 2003, no pet.) (holding that smell of burnt marijuana, along with
bloodshot eyes, is enough to constitute probable cause to search car).
          Appellant relies on State v. Steelman for the proposition that the odor of
marijuana is not enough to establish probable cause. See 93 S.W.3d 102, 108 (Tex.
Crim. App. 2002). However, we distinguished Steelman in Dickey v. State as
follows: 
We recognize that the Court of Criminal Appeals has held that
“[t]he odor of marijuana, standing alone, does not authorize a
warrantless search and seizure in a home. An arresting officer must
have specific knowledge to believe that the person to be arrested has
committed the offense.” State v. Steelman, 93 S.W.3d 102, 108 (Tex.
Crim. App. 2002).
 
The present case is distinguishable. The United States Supreme
Court has held that automobiles and other conveyances may be searched
without a warrant in circumstances that would not justify the search
without a warrant of a house, provided that there is probable cause to
believe that the car contains articles that the officers are entitled to seize. 
Chambers, 399 U.S. at 48, 90 S. Ct. at 1979. . . . In this case, the search
was of a motor vehicle, and the officer conducting the search had
probable cause to believe the car contained marijuana. 
 
Dickey, 96 S.W.3d 610, 613–14 (Tex. App.—Houston [1st Dist.] 2002, no
pet.).
 
          Because appellant has given us no reason to disturb our ruling in Dickey, we
hold that the smell of marijuana was enough to give probable cause to search
appellant’s automobile.



          We overrule appellant’s only issue. 
Conclusion
          We affirm the judgment.
          
 
                                                                        Sam Nuchia
                                                                        Justice

Panel Consists of Justices Nuchia, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).