In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00104-CR


______________________________




DARIN KEITH MARTIN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 21st Judicial District Court


Burleson County, Texas


Trial Court No. 13,368




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Darin Keith Martin appeals his convictions for forgery, fraudulent use of identifying
information, and forgery of a governmental record. While on patrol, Trooper Ronnie Hubbell, a
State trooper with the Texas Department of Public Safety, observed a Chevrolet Tahoe with illegal
window tinting. (1) When Hubbell activated his lights, the occupants of the vehicle threw a paper bag
out the window. Hubbell detained the vehicle and ordered the occupants on the ground. Hubbell
then noted the odor of burnt marihuana from the vehicle and a few paper bags similar to the one
thrown out the window. Hubbell searched the vehicle and discovered fake identifications with
Martin's picture, along with fake checks matching the fake identifications. After the trial court
denied Martin's motion to suppress, Martin pled guilty, pursuant to a negotiated plea agreement.

 Three separate appeals arising from these convictions are presently pending before this Court. 
This appeal concerns Martin's conviction for forgery. (2) Martin raises identical issues and makes
identical arguments in all three of the appeals. Martin's sole issue on appeal is that the trial court
erred in denying his motion to suppress the evidence. 

 We review the trial court's decision on a motion to suppress evidence by applying a
bifurcated standard of review deferring to the trial court's determination of historical facts that
depend on credibility, but review de novo the trial court's application of the law. Wiede v. State, 214
S.W.3d 17, 25 (Tex. Crim. App. 2007); see Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). The trial court's evidentiary ruling "will be upheld on appeal if it is correct on any theory of
law that finds support in the record." Gonzalez v. State, 195 S.W.3d 114, 126 (Tex. Crim. App.
2006); see Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Generally, we review
de novo determinations of probable cause after granting deference to the trial court's determination
of historical facts. Guzman, 955 S.W.2d at 87.

 The Fourth Amendment to the United States Constitution and Article I, Section 9 of the
Texas Constitution guarantee the right to be secure against unreasonable searches. U.S. Const.
amend. IV; Tex. Const. art. I, § 9. In addition, Article 38.23 of the Texas Code of Criminal
Procedure forbids any evidence obtained in violation thereof to be admitted against an accused. Tex.
Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). While a warrantless search or seizure is
normally unreasonable, a few well-defined and limited exceptions exist. Under the automobile
exception, officers may conduct a warrantless search of an automobile readily capable of being used
on a public highway as long as 1) there is probable cause to believe that a crime has been committed,
2) there is probable cause to believe contraband is located in the vehicle, and 3) "where it is not
practicable to secure a warrant because the vehicle can be quickly moved out of the locality or
jurisdiction in which the warrant must be sought." Chambers v. Maroney, 399 U.S. 42, 48-49
(1970); see California v. Carney, 471 U.S. 386, 390 (1985); Amos v. State, 819 S.W.2d 156, 160-61
(Tex. Crim. App. 1991); Blaylock v. State, 125 S.W.3d 702, 705 (Tex. App.--Texarkana 2003, pet.
ref'd). Officers are justified, when conducting a permissible warrantless search of an automobile,
in searching every part of the vehicle and any contents that may conceal the object of the search. 
United States v. Ross, 456 U.S. 798, 825 (1982).

 The defendant alleging a Fourth Amendment violation bears the burden of producing some
evidence that rebuts the presumption of proper police conduct. Amador v. State, 221 S.W.3d 666,
672 (Tex. Crim. App. 2007). "A defendant meets his initial burden of proof by establishing that a
search or seizure occurred without a warrant." Id. The burden then shifts to the State to prove that
the search or seizure was nonetheless reasonable under the totality of the circumstances. Id. at
672-73. Under Article 38.23, evidence must be excluded once a causal connection between the
illegality and the evidence is established. Roquemore v. State, 60 S.W.3d 862, 870 (Tex. Crim. App.
2001); State v. Daugherty, 931 S.W.2d 268, 270 (Tex. Crim. App. 1996); see Tex. Code Crim.
Proc. Ann. art. 38.23 (Vernon 2005).

 The issue in this appeal is whether Hubbell had probable cause that a crime had been
committed and contraband was located in the vehicle. In determining probable cause, we must
consider the totality of the circumstances. Angulo v. State, 727 S.W.2d 276, 278 (Tex. Crim. App.
1987). Although probable cause requires more than mere suspicion, it requires far less evidence than
is needed to support a conviction or even a finding by a preponderance of the evidence. Middleton
v. State, 125 S.W.3d 450, 459 (Tex. Crim. App. 2003). Probable cause exists where officers have
reasonably trustworthy information sufficient to warrant a reasonable belief that an offense has been
or is being committed. McGee v. State, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003); see Estrada
v. State, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005). 

 The Texas Court of Criminal Appeals has stated: "[t]he odor of contraband is certainly an
important fact which may (or may not) be dispositive, given a specific context, in assessing whether
probable cause exists." (3) The Texas Court of Criminal Appeals has determined that the odor of
marihuana detected by a trained police officer can be sufficient to provide probable cause to search
a vehicle. Moulden, 576 S.W.2d at 819-20. In State v. Crawford, the Dallas Court of Appeals
concluded that the smell of burnt marihuana, along with bloodshot eyes, was sufficient to constitute
probable cause to search an automobile. 120 S.W.3d 508, 510 (Tex. App.--Dallas 2003, no pet.). 
Hubbell testified the vehicle took "longer than average distance and amount of time to stop" and
observed a small brown paper bag being thrown from the vehicle's window. The occupants were
"defiant." When he approached the open door of the vehicle, Hubbell detected the odor of
marihuana. In addition, bags similar to the one thrown out of the window were in plain view. 
Although Martin denied the presence of similar bags in the car, we are required to defer to the trial
court's determination of facts. The trial court was entitled to believe the testimony of Hubbell over
the testimony of Martin. The video of the detention was consistent with Hubbell's testimony. Under
the facts of this case, Hubbell had reasonably trustworthy information sufficient to warrant a
reasonable belief that an offense had been or was being committed. Similar to Crawford and
Moulden, we conclude probable cause existed to search Martin's vehicle. The trial court did not err
in denying Martin's motion to suppress.

 For the reasons stated, we affirm the judgment of the trial court.




 Jack Carter

 Justice


Date Submitted: February 19, 2008

Date Decided: March 27, 2008


Do Not Publish

1. The Texas Transportation Code contains light transmission requirements for window tinting. 
See Tex. Transp. Code Ann. § 547.613 (Vernon Supp. 2007). It is well established that a police
officer may lawfully stop and detain a person for a traffic violation committed in the presence of the
officer. Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); Zervos v. State, 15 S.W.3d
146, 151 (Tex. App.--Texarkana 2000, pet. ref'd). Martin does not challenge the initial detention.
2. Martin's conviction of fraudulent use of identifying information was appealed in cause
number 06-07-00105-CR, and his conviction of forgery of a governmental record was appealed in
cause number 06-07-00106-CR.
3. Parker v. State, 206 S.W.3d 593, 599 (Tex. Crim. App. 2006) (finding probable cause to
search home based on odor of marihuana, report of underage drinking, and other factors when
exigent circumstances not contested); see Moulden v. State, 576 S.W.2d 817, 819-20 (Tex. Crim.
App. [Panel Op.] 1978) (determining that trained police officer's smelling burnt marihuana provided
probable cause to search vehicle); Razo v. State, 577 S.W.2d 709, 711 (Tex. Crim. App. [Panel Op.]
1979) (holding that odor of marihuana provided probable cause to search appellant's vehicle); see
also Sauseda v. State, No. 01-06-01002-CR, 2008 Tex. App. LEXIS 534 (Tex. App.--Houston
[1st Dist.] Jan. 24, 2008, no pet. h.) (mem. op., not designated for publication) (the odor of
marihuana emanating from a car was sufficient to provide probable cause after an officer observed
one of the suspects discard a suspicious object near the car). But see State v. Steelman, 93 S.W.3d
102, 108 (Tex. Crim. App. 2002) ("The odor of marijuana, standing alone, does not authorize a
warrantless search and seizure in a home.").