**REVERSE and REMAND; and Opinion Filed November 8, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

Nos. 05-13-00194-CR
05-13-00195-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**MICHAEL LEONARD, Appellee**

**On Appeal from the County Criminal Court No. 6**
**Dallas County, Texas**
**Trial Court Cause Nos. MB-12-58768-G and MA12-58769-G**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

The State charged appellee Michael Leonard with unlawful carrying of a weapon and unlawful possession of marijuana. The trial court conducted a hearing on appellee's motion to suppress and granted the motion after finding that Officer George Garcia did not have probable cause to approach appellee's car. In a single issue, the State challenges whether the trial court erred in granting the motion to suppress. We reverse and remand for further proceedings.

### Background

Officer George Garcia testified on behalf of the State at the motion to suppress hearing. He stated that on the afternoon of June 19, 2012, at approximately 3 p.m., he and his partner were patrolling the 3800 block of West Ledbetter in Dallas. A car wash in the area was known for illegal drug activity.

Officer Garcia explained he noticed appellee's vehicle leave the car wash and turn into the parking lot of a motel adjacent to the car wash. Appellee parked his car, and Officer Garcia parked next to him. Both men exited their vehicles at the same time. Before Officer Garcia said anything to appellee, he noticed the strong smell of marijuana emanating from the car.

He questioned appellee and then searched the car. Officer Garcia discovered a backpack in the back seat, within reaching distance of the driver's seat, containing twelve baggies of marijuana and a .38 handgun.

At the end of the suppression hearing, the trial court granted appellee's motion. The State requested findings of fact and conclusions of law. The trial court orally dictated its findings and conclusions into the record. It specifically stated the following:

> The Court finds the officer cannot use the high crime area as a reason for contact, then state they didn't have a reason for contact, then state they didn't have a reason to contact the defendant and look for a -- and look for probable cause later. The officer formed suspicion when he saw the defendant at the car wash. The notion of being in a high crime area is not reason alone for contact. The officer would have had to make the contact with every single person in the area which there was no testimony to suggest such. Therefore the stop was unlawful and the arrest is suppressed.

This appeal followed.

## Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). The judge is the sole trier of fact and judge of the credibility of witnesses and the weight to be given their testimony. *Id*. He is entitled to believe or disbelieve all or part of the witness's testimony, even if that testimony is uncontroverted, because he had the opportunity to observe the witness's demeanor and appearance. *Id*.

If the trial court makes express findings of fact, we view the evidence in the light most favorable to the ruling and determine whether the evidence supports these factual findings. *Id*.

–2–

We review the trial court's application of the law of search and seizure to the facts de novo. *Id*. We will sustain the trial court's ruling if that ruling is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Id*. (citing *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)).

The parties disagree as to whether the trial court's findings and conclusions turn on the credibility of Officer Garcia; therefore, we begin our analysis by determining the appropriate standard of review. The State argues the record is clear the trial court did not make its ruling based on officer credibility, but rather based its decision on the fact Officer Garcia did not have the requisite level of suspicion necessary to approach the vehicle. The State contends because that issue involves application of search and seizure law to the facts of this case, we should apply a de novo review.

Appellee responds we should presume based on the trial court's granting of his motion to suppress that the trial court did not believe Officer Garcia to be credible, and therefore, we should defer to the trial court's ruling. In support of his position, appellee cites *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). In that case, the court stated "we must presume that the trial court implicitly resolved all issues of historical fact and witness credibility in the light most favorable to the ultimate ruling." *Id*. at 674. This included a presumption "that, if the State's evidence was uncontradicted and, if believed, would have supported admission of the evidence sought to be suppressed, the trial court simply chose to disbelieve that uncontradicted testimony." *Id*.

Appellee's reliance on *Elias* is misplaced. The court stated the credibility presumption applies when a trial court grants a motion to suppress, the State fails to request explicit findings of fact and conclusions of law, and the trial court makes no express findings of fact and conclusions of law of its own volition. *Id*. Here, the State explicitly requested findings and

–3–

conclusions, and the trial court stated "essential findings" on the record. "Essential findings" are those findings and conclusions "adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Id.*; *see also State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).

A reading of the record makes it clear the trial court was concerned that Officer Garcia targeted appellee and followed his car only because appellee drove away from a car wash that was known to be a high drug traffic area. The trial court stated, "We don't get to the search until we get to the reasonable suspicion." To court went on to say, "[Y]ou just can't stop people because they pull into an area. Number one, the officer never testified [appellee] violated the law, never testified he did anything suspicious. . . . You just can't stop people because there is a crime in the area."

While the State argued Officer Garcia never stopped or detained appellee but rather it was a consensual encounter outside of the car, the court continued to focus on "[Officer Garcia's] reason for contacting [appellee] at all is because he was in a high crime area." The court reiterated this in his oral findings of fact and conclusions of law. Thus, because the record is clear as to the essential findings for its ruling, which turns on a matter of Fourth Amendment search and seizure law, we agree with the State that a de novo review is appropriate.

## Discussion

Law enforcement and citizens engage in three distinct types of interactions: (1) consensual encounters, (2) investigatory detentions, and (3) arrests. *State v. Woodard*, 341 S.W.3d 404, 410–11 (Tex. Crim. App. 2011). Consensual police encounters do not implicate the Fourth Amendment. *Id.* An officer is free to stop and question a fellow citizen, and justification is not required to request information from the citizen. *Id.* And citizens may, at will, terminate consensual encounters. *Id.* Even if the officer did not communicate to the citizen that the

request for information may be ignored, the citizen's acquiescence to an officer's request does not cause the encounter to lose its consensual nature. *Id.*

Courts consider the totality of the circumstances surrounding the interaction to determine whether a reasonable person in the defendant's shoes would have felt free to ignore the request and terminate the interaction. *Id.* If it was an option to ignore the request or terminate the interaction, then a Fourth Amendment seizure has not occurred. *Id.* The surrounding circumstances, including time and place, are taken into account, but the officer's conduct is the most important factor when deciding whether an interaction was consensual or a Fourth Amendment seizure. *Id.*

No bright-line rule governs when a consensual encounter becomes a seizure. Generally, however, when an officer through force or a showing of authority restrains a citizen's liberty, the encounter is no longer consensual. *Id.* This is the point at which an encounter becomes a detention or an arrest, both of which are seizures under the Fourth Amendment. *Id.*

The State argues appellee's Fourth Amendment rights were not implicated because the encounter between him and Officer Garcia was consensual. Based on the record before us, we agree. Officer Garcia testified he followed appellee's car from the car wash to the adjacent parking lot of a motel. He parked next to appellee's car and both exited. There is no evidence Officer Garcia turned his lights or sirens on or that he blocked appellee's car in such a way that appellee would feel threatened or unable to leave. There is no evidence Officer Garcia made any threatening statements or pulled a weapon. Moreover, the interaction occurred in a parking lot during daylight hours, which is different than situations where courts have determined a defendant could reasonably believe he was not free to leave because officers pulled him over in a secluded area in the middle of the night. *See, e.g., Brown v. State*, 790 S.W.2d 357, 360 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd) (holding that a reasonable person would not feel

free to leave or disobey a uniformed officer's request when approached in the dark and in a fairly deserted area).

The law is clear that an officer is free to approach any citizen in a public place and talk with him. We reached the same conclusion under similar facts in *State v. Crawford*, 120 S.W.3d 508, 509 (Tex. App.—Dallas 2003, no pet.). In that case, this court held officers were free to approach the defendant at a truck stop and "no facts were necessary to justify the officers' encounter with Crawford." *Id*. at 510. After approaching Crawford, officers noticed his bloodshot eyes and smelled burnt marijuana. *Id*. At that time, officers had probable cause to believe Crawford's car contained marijuana; therefore, the trial court erred by granting a motion to suppress. *Id*. at 510–11.

Appellee tries to distinguish this case by arguing it involved an officer's response to a reported crime and officers approached Crawford because he fit the description given by dispatch, both of which are facts missing in the present case. Appellee further argues there was no evidence "to suggest that the Appellee was involved in any suspicious criminal behavior or activity." And as previous discussed, it is obvious from the record this was also the basis for the trial court's granting of the motion to suppress. This conclusion belies the well-established case law regarding consensual police encounters.

Accordingly, we conclude based on the facts of this case and applying the appropriate case law regarding search and seizure, appellee's Fourth Amendment rights were not triggered when Officer Garcia parked his car next to appellee's car, both men exited their cars, and Officer Garcia began talking with appellee. The encounter was consensual, and it is immaterial whether Officer Garcia told appellee he could leave. *See Woodard*, 341 S.W.3d at 411 (noting that even if the officer did not communicate to the citizen that the request for information may be ignored, the citizen's acquiescence to an officer's request does not cause the encounter to lose its

consensual nature). After Officer Garcia smelled marijuana coming from appellee's car, he obtained the requisite probable cause to search the vehicle. *See Crawford*, 120 S.W.3d at 511. The trial court abused its discretion to conclude otherwise. We sustain the State's sole issue.

## Conclusion

The judgment of the trial court is reversed, and the case is remanded for further proceedings.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130194F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-00194-CR      V.

MICHAEL LEONARD, Appellee

On Appeal from the County Criminal Court No. 6, Dallas County, Texas

Trial Court Cause No. MB-12-58768.

Opinion delivered by Justice O'Neill.

Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 8th day of November, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-00195-CR      V.

MICHAEL LEONARD, Appellee

On Appeal from the County Criminal Court
No. 6, Dallas County, Texas
Trial Court Cause No. MB-12-58769.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 8th day of November, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE