# NO. 12-13-00274-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAMON LEE BROOKS,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Damon Lee Brooks appeals his conviction for possession of marijuana for which the trial court sentenced him to 120 days of confinement. In one issue, he contends that the trial court erred in overruling his motion to suppress. We affirm.

### BACKGROUND

The uncontested evidence from the record reveals that around midnight on October 15, 2012, Appellant was sitting in his Lincoln Town Car with a female companion in the parking lot of an unnamed apartment complex at 5621 Old Bullard Road in Tyler. The Tyler police department received an anonymous tip that Appellant's vehicle, with license plate number DP4P144, had been sitting in the apartment parking lot for four hours. Officer Thomas Guerrero of the Tyler Police Department was dispatched to the scene. Both Guerrero and Appellant testified at the suppression hearing. Their testimony as to what occurred differed in most respects:

| Guerrero | Appellant |
|---|---|
| No police car lights were activated as he drove through the apartments' parking lot. | The police car came down the parking lot flashing its spotlight. |
| Appellant's vehicle was pulled into a parking spot in a normal forward position. | Appellant's vehicle was backed up against a wood fence. |
| Guerrero drove his police car five to ten feet past Appellant's car before stopping. | Guerrero stopped the police car directly in front of Appellant's car. |
| Appellant could have driven away because his car was not impeded from doing so. | Guerrero was blocking Appellant's car so that he could not drive away. |
| Appellant voluntarily rolled his window down when he saw Guerrero walking towards his vehicle. | Guerrero knocked on his car window and told him to get out of the car. |

The trial court, after considering the evidence, denied Appellant's motion to suppress. Appellant then pleaded guilty to the offense of possession of marijuana and was sentenced to 120 days of confinement. This appeal followed.

## MOTION TO SUPPRESS

In his sole issue, Appellant contends that the trial court erred in denying his motion to suppress evidence. He argues that, because he was detained based solely on an anonymous telephone tip, his Fourth Amendment constitutional rights had been violated and the evidence should have been suppressed.

### Standard of Review

In reviewing a trial court's ruling on a pretrial motion to suppress, an appellate court must give almost total deference to the trial court's resolution of questions of historical fact and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex. Crim. App. 2011). A trial court's determination of whether an individual is in police custody presents a mixed question of law and fact. *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). We therefore afford almost total deference to the trial court's determination of whether an individual was in police custody when the questions of historical fact turn on credibility and demeanor. *Id*. at 526-27.

2

Conversely, when the questions of historical fact do not turn on credibility and demeanor, we will review a trial court's determination de novo. *Id*. at 527.

In reviewing a trial court's ruling on a motion to suppress, appellate courts must view the evidence in the light most favorable to the trial court's ruling. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013). When, as here, the trial court does not make explicit findings of fact, the appellate court infers the necessary factual findings that support the trial court's ruling if the record evidence (viewed in light most favorable to the ruling) supports these implied fact findings. *Id*. We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

**Applicable Law**

Law enforcement and citizens engage in three distinct types of interactions: (1) consensual encounters; (2) investigatory detentions; and (3) arrests. *State v. Woodard*, 341 S.W.3d 404, 410-11 (Tex. Crim. App. 2011). Consensual police-citizen encounters do not implicate Fourth Amendment protections. *Id*. at 411. An encounter is a consensual interaction, which the citizen is free to terminate any time. *Crane v. State*, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010). An encounter takes place when an officer approaches a citizen in a public place to ask questions and the citizen is willing to listen and voluntarily answer. *Id*. Police officers are as free as any other citizen to approach citizens to ask for information or cooperation. *Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013). Such consensual encounters may be uncomfortable for a citizen, but they are not Fourth Amendment seizures. *Id*. Even if the officer did not tell the citizen that the request for identification or information may be ignored, the fact that the citizen complied with the request does not negate the consensual nature of the encounter. *State v. Castleberry*, 332 S.W.3d 460, 466 (Tex. Crim. App. 2011).

Courts consider the totality of the circumstances surrounding the interaction to determine whether a reasonable person in the defendant's shoes would have felt free to ignore the request or terminate the interaction. *Woodard*, 341 S.W.3d at 411. If there was an option to ignore the request or terminate the interaction, then a Fourth Amendment seizure has not occurred. *Id*. The surrounding circumstances, including time and place, are taken into account, but the officer's conduct is the most important factor when deciding whether an interaction was consensual or a Fourth Amendment seizure. *Id*. An encounter is no longer consensual when an officer, through

3

physical force or a showing of authority, has restrained a citizen's liberty. *Castleberry*, 332 S.W.3d at 466. At this point, the interaction is considered an investigatory detention or arrest, both of which are Fourth Amendment seizures. *Id*.

Under the Fourth Amendment, a warrantless detention of the person that amounts to less than a full blown custodial arrest must be justified by a reasonable suspicion. *Derichsweiler*, 348 S.W.3d at 914. A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with the rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Id*.

## Discussion

Appellant contends that he was not free to leave the parking lot once Officer Guerrero stopped and approached his car. Appellant testified that Guerrero blocked his car with the patrol car, ran to his car, and immediately demanded that Appellant get out of the car. Then, as soon as Appellant was out of the car, Guerrero handcuffed him and placed him in the back of the patrol car. He testified that he never rolled the window down and therefore the officer could not have smelled smoke. Further, he said that since the windows were tinted, the officer could not have seen inside the car.

In contrast, Guerrero's testimony described a consensual encounter. Officer Guerrero testified that none of the patrol car lights were ever activated as he drove through the parking lot toward Appellant's vehicle. He pulled well past Appellant's vehicle before stopping the patrol car. As Guerrero walked toward Appellant's vehicle, Guerrero saw Appellant make furtive movements as if he was putting something in the console. Guerrero testified that, before he ever spoke to Appellant, Appellant voluntarily rolled down the window of his car. It was at this time that Guerrero saw smoke and smelled the odor of burnt marijuana wafting out of the car. After he smelled the smoke, he asked Appellant to exit the vehicle, believing that he had probable cause to detain Appellant. We must give almost total deference to the trial court's determination that the officer was more credible than Appellant. *See Derichsweiler*, 348 S.W.3d at 913. The record supports the trial court's determination that Appellant could have driven away but he chose instead to roll down his window and speak to Guerrero.

The anonymous telephone tip created the opportunity for a consensual encounter between Guerrero and Appellant. Initially, the officer's contact did not constitute a Fourth Amendment

seizure. *See Woodard*, 341 S.W.3d at 411. But the smell of marijuana, noticeable after Appellant's voluntary act of rolling down his window, created probable cause for Guerrero to search Appellant's vehicle in an investigatory detention. *See Derichsweiler*, 348 S.W.3d at 914; *Moulden v. State*, 576 S.W.2d 817, 819 (Tex. Crim. App. 1978); *see also State v. Crawford*, 120 S.W.3d 508, 510 (Tex. App.—Dallas 2003, no pet.) (odor of burnt marijuana coming through the open window of a car constitutes probable cause to search the car). Prior to that time, Appellant was free to leave. We hold that Appellant was detained only after he had given Officer Guerrero probable cause to search his vehicle by voluntarily rolling down his car window. Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 13, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 13, 2014**

**NO. 12-13-00274-CR**

**DAMON LEE BROOKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No. 2

of Smith County, Texas (Tr.Ct.No. 002-83654-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*