**Opinion issued March 16, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00350-CR

————————————

## ROBERT DEWAYNE LAURENT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 230th District Court
Harris County, Texas
Trial Court Case No. 1453492

## MEMORANDUM OPINION

After being charged with possession of methamphetamine in an amount weighing more than one gram but less than four grams, with intent to deliver, appellant Robert Dewayne Laurent filed a motion to suppress the methamphetamine police recovered from his car. Laurent argued that the police lacked probable cause

to make a traffic stop and that the basis the police articulated for the stop was merely a pretext. The court denied Laurent's motion and after Laurent pleaded guilty to the offense enhanced by a previous felony conviction, the court sentenced him to 10 years' imprisonment. In his sole issue on appeal, Laurent argues that the trial court erred in denying his motion to suppress. We affirm.

## Background

Officer B. Curtis testified at the pre-trial hearing on Laurent's motion to suppress. He stated that in January 2016, he was patrolling an area in north Houston with his partner when he passed Laurent's car and noticed that its window tint was so dark he could not see the driver. Officer Curtis then noticed Laurent turn into a private parking lot without signaling. Officer Curtis testified that, as he and his partner pulled up, Laurent exited the car and began walking away. Officer Curtis told Laurent to return to his car because he was conducting a traffic stop based on Laurent's failure to signal and illegal tint. He testified that he wanted Laurent to return to his car because, from a safety standpoint, he was at a tactical disadvantage while Laurent was out in the open. He wanted Laurent in one spot where he could see him. According to Officer Curtis, Laurent became combative, flailing his arms, and would not listen to him. Officer Curtis testified that Laurent recognized him from a previous encounter and asked him why he kept stopping him. Officer Curtis

2

testified that he did not initially recognize Laurent, but he recalled previously pulling him over after Laurent reminded him when and where it had occurred.

Eventually, Laurent opened his car door to return to the driver's seat, and Officer Curtis noticed the "strong odor of marijuana coming from inside his vehicle." Officer Curtis testified that, because he smelled marijuana and saw a Crown Royal bag on the front seat which, based on his past arrest experience, was typically used to hide narcotics and weapons, he asked Laurent to step back out of the car. Officer Curtis conducted a search of Laurent's car and found marijuana, methamphetamine, hydrocodone pills, muscle relaxers, and ecstasy tablets. Laurent was arrested.

The trial court denied Laurent's motion to suppress, and Laurent pleaded guilty to the charged offense and an enhancement paragraph. The trial court sentenced Laurent to 10 years' imprisonment.

## Discussion

In his sole issue, Laurent contends that the trial court erred in denying his motion to suppress because the traffic stop and Officer Curtis's request that Laurent get back in his car were illegal. He argues that they were merely pretextual and designed to allow the police to conduct an improper warrantless search of Laurent's car.

## A. Standard of Review

We review a trial court's decision to deny a motion to suppress under a bifurcated standard of review, giving almost total deference to the trial court's determination of historical facts that depend on credibility, and reviewing de novo the trial court's application of the law to those facts. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010). The trial court is the sole trier of fact and judge of the weight and credibility of the evidence and testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). "[T]he prevailing party is entitled to 'the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence.'" *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011) (quoting *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008)). A trial court's ruling will be sustained if it is "reasonably supported by the record and correct on any theory of law applicable to the case." *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003) (citing *Wilover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002)).

## B. Applicable Law

A traffic stop is a detention and, therefore, must be reasonable. *Magana v. State,* 177 S.W.3d 670, 673 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997)). The decision to stop an automobile is reasonable when the police have probable cause to believe that a

traffic violation has occurred. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). "[A]s long as an actual violation occurs, law enforcement officials are free to enforce the law and detain a person for that violation . . . regardless of the officer's subjective reasons for the detention." *Id.* at 543 (quoting *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992) (en banc)). Excessive tint and failing to signal when turning are traffic violations. *See* TEX. TRANSP. CODE § 547.613 (providing that a person commits a misdemeanor if he attaches transparent material to the side windows of a vehicle that reduces light transmission to less than 25%); TEX. TRANSP. CODE § 545.104(b) ("An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.").

A police officer "may conduct a warrantless search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband." *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009) (first citing *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996), then citing *California v. Carney*, 471 U.S. 386, 393 (1985)). Probable cause exists when the facts and circumstances within the knowledge of the officer would lead a person of reasonable caution and prudence to believe that an instrumentality of a crime or evidence will be found. *Estrada v. State*, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005) (first citing *McNairy v. State*, 835 S.W.2d 101, 107 (Tex. Crim. App. 1991), then citing *Washington v. State*, 660

5

S.W.2d 533, 535 (Tex. Crim. App. 1983)); *Dickey v. State*, 96 S.W.3d 610, 613 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Texas courts have consistently held that a strong odor of marijuana emanating from a car establishes probable cause to search the car. *See Miller v. State*, 608 S.W.2d 684, 685–86 (Tex. Crim. App. 1980); *Moulden v. State*, 576 S.W.2d 817, 818–20 (Tex. Crim. App. 1978); *see also Rocha v. State*, 464 S.W.3d 410, 418 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *Jordan v. State*, 394 S.W.3d 58, 64–65 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd)).

## C. Analysis

### 1. Propriety of Traffic Stop

Laurent argues that the initial traffic stop was illegal and Officer Curtis's articulated reason for stopping Laurent was a mere pretext because, from the time he saw Laurent, Officer Curtis intended to conduct a warrantless search of Laurent's car. The State responds that the traffic stop was justified because Officer Curtis had probable cause to initiate a traffic stop once he observed Laurent commit a traffic violation.

In *Walter v. State,* the Court of Criminal Appeals reiterated that it has expressly rejected the "pretext arrest" doctrine in favor of the prevailing, purely objective approach adopted by other courts. *Walter*, 28 S.W.3d at 543 (citing *Garcia*, 827 S.W.2d at 944). The Court noted that an arrest or stop is valid so long

6

as an actual violation occurs and law enforcement officials detain the person for *that violation,* regardless of the officer's subjective reasons for the detention. *Id.* (emphasis added). Accordingly, we must determine whether Laurent committed a cognizable offense for which he was detained. *Id.*

Here, Officer Curtis provided uncontroverted testimony that he initiated the traffic stop because the tint on Laurent's car windows appeared to be illegal and Laurent failed to signal when he turned into a private parking lot. Both offenses are recognized traffic violations under Texas law. *See* TEX. TRANSP. CODE §§ 547.613; 545.104(a). Because Officer Curtis observed actual violations, he had probable cause to conduct a traffic stop, regardless of his subjective intent. Thus, the traffic stop was valid and we need not consider Officer Curtis's subjective intent. *See State v. Gray*, 158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005) (affirming grant of motion to suppress and holding police had probable cause to stop and arrest when evidence was undisputed that officers saw appellant commit traffic violation—turning without signaling—despite officers' subjective intent to search appellant for drugs); *Walter*, 28 S.W.3d at 542 (holding officer had objective reason for stop when he saw appellant commit traffic violation of failure to signal within 100 feet of turn, regardless of subjective intent); *Garcia*, 827 S.W.2d at 944 (holding that even if arresting officer had second subjective reason for stopping vehicle, trial court erred

7

in suppressing evidence because officer had objective reason for arrest when appellant failed to stop at stop sign).

## 2. Propriety of Request to Return to Car

Laurent also argues that his motion to suppress should have been granted because Officer Curtis's request that Laurent get back into his car was not motivated by Curtis's stated desire to control the situation but actually was pretextual and designed to permit Officer Curtis to observe the inside of Laurent's car and thereby justify a search for drugs. The State responds that Officer Curtis's request was justified by his concern for officer safety.

The Court of Criminal Appeals has expressly held that "officers at the scene of a valid traffic stop [are] entitled to take sufficient measures to guarantee their safety." *See Goodwin v. State*, 799 S.W.2d 719, 727 (Tex. Crim. App. 1990) (en banc) (superseded in part on other grounds); *see also Cunningham v. State*, 11 S.W.3d 436, 440 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The *Goodwin* Court expressly noted that police officers are allowed to order drivers to get out of their cars when they have been lawfully stopped for a traffic offense. *See Goodwin*, 799 S.W.2d at 727 (citing *Pennsylvania v. Mimms*, 434 U.S. 106, 110–11, 98 S. Ct. 330, 333 (1977)). In so reasoning, the Court noted that "an officer is allowed to establish a 'face-to-face confrontation' which 'diminishes the possibility, otherwise substantial, that the driver can make unobserved movements; this, in turn, reduces

8

the likelihood that the officer will be the victim of an assault.'" *Id.* (quoting *Mimms*, 434 U.S. at 110–11, 98 S. Ct. at 333). Such reasoning applies with equal force when an officer asks a person to reenter the car during a traffic stop in the interest of officer safety. *See, e.g.*, *U.S. v. Sanders*, 510 F.3d 788, 790 (8th Cir. 2007).

Here, Officer Curtis testified that upon his stopping him, Laurent became combative and began flailing his arms. Officer Curtis testified that, in the interest of officer safety, he asked Laurent to return to his car from 15 to 20 feet away so that Laurent would be confined to one spot where he could see him. As when an officer asks a driver to exit his car, Officer Curtis's safety was a legitimate and weighty justification for allowing this *de minimis* intrusion. *See Goodwin*, 799 S.W.2d at 727 (recognizing need to protect officers during investigative detentions and noting that officer's request that driver return to car was *de minimis* intrusion)*; see also Sanders*, 510 F.3d at 790 (holding officer's request that passenger return to car during traffic stop was minimal intrusion on his liberty interest and that gun found during detention was not product of illegal search). Thus, we conclude that the trial court reasonably could have found that Curtis's request that Laurent return to and get back in his car was not improper.

### 3. Propriety of Search

Laurent contends that Officer Curtis's warrantless search of his car was illegal because he lacked probable cause. The State responds that Officer Curtis had

9

probable cause to search once he smelled a strong odor of marijuana coming from Laurent's car. It is well-established under Texas law that "[a] strong odor of marijuana emanating from a car establishes probable cause to search the car and its occupants." *Rocha*, 464 S.W.3d at 418 (citing *Jordan*, 394 S.W.3d at 64–65); *see also Parker v. State,* 206 S.W.3d 594, 597 n.11 (Tex. Crim. App. 2006); *Miller*, 608 S.W.2d at 685–86.

Here, Officer Curtis testified that he detected a strong odor of marijuana when Laurent opened the car door. Because the record supports the trial court's finding that Officer Curtis had probable cause to search Laurent's car upon smelling marijuana, we conclude that Laurent's motion to suppress was properly denied. *See Rocha,* 464 S.W.3d at 418 (holding where officer testified he smelled marijuana as soon as he approached appellant's window he had probable cause to search the car and its occupants); *Jordan*, 394 S.W.3d at 64–65 (holding officers were authorized to search car and passengers after smelling odor of marijuana emanating from car); *Dickey*, 96 S.W.3d at 613 (holding trial court did not abuse its discretion in concluding probable cause existed for search of car where officer smelled odor of raw marijuana upon opening appellant's car door).

We overrule Laurent's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Bland, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).